IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIO J. VALDEZ,

                Petitioner,                Case No. 3:05 CV 7132

-vs-

                                                   MEMORANDUM   OPINION

UNITED STATES OF AMERICA,                          AND   ORDER

                Respondent.

KATZ, J.

      Petitioner, Julio J. Valdez, (hereinafter "Valdez or "Petitioner") acting *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He claims ineffective assistance of counsel and that his sentencing is unconstitutional in light of recent United States Supreme Court decisions implicating the Federal Sentencing Guidelines. For the reasons extremely well set out in the Government's nineteen (19) page response in opposition to Petitioner's motion, his motion will be denied.

      In summary, Petitioner was one of 36 defendants named in a 44 count indictment filed September 5, 2000 charging drug conspiracy. He was implicated in Count 1, conspiracy to possess and distribute cocaine, etc. and in Counts 15 and 16. On August 30, 2001 a plea agreement was negotiated with the assistance of his then attorney pursuant to which he agreed to plead guilty to Count 1 and the Government would dismiss Counts 15 and 16 as to him. The plea agreement contained a stipulation with respect to the quantity of drugs being at least 50 but less than 150 kilograms of cocaine, which created a

base offense level of 36. The agreement also contained a waiver of Valdez's right to appeal on any ground, including pursuant to section 2255, with limited exceptions not applicable here.

In the course of this case Valdez moved to withdraw his plea agreement, which, after hearing, this Court denied. Subsequent to the preparation and filing of a presentence report, Valdez received a 3 point reduction for acceptance of responsibility, resulting in a net total offense level of 33; while his Criminal History Category appeared to be Category VI, this Court sentenced him at a Criminal History Category III because the Court felt to do otherwise would overstate his criminal history. He was sentenced to 192 months followed by 5 years supervised release.

On direct appeal the Sixth Circuit affirmed the conviction and sentence and held that his guilty plea was knowing and voluntary, that denial of his motion to withdraw that guilty plea was warranted, and his ineffective assistance of counsel claim would not be considered on direct appeal. *United States v. Valdez*, 362 F.3rd 903 (6th Cir. 2004).

Thereafter, this motion was timely filed. In this motion the petitioner claims three things warrant the granting of the motion: 1) ineffective assistance of trial counsel; 2) his sentence violated both *Blakely v. Washington* and *United States v. Booker*; and 3) his sentence violated *United States v. Shepard* because his sentence was enhanced based upon past criminal conduct.

The ineffective assistance of counsel claim has already been disposed of by the Sixth Circuit in his direct appeal; *Shepard* was not violated because there were no enhancements to his base criminal offense level; his disputed criminal history category was, as noted above, addressed prior to sentencing; he waived in his plea agreement his right to appeal his sentence either directly or on collateral attack under section 2255; and *Booker* is not applicable since it does not apply to cases on collateral attack.

For the reasons herein above stated and those well set forth in the Government's breif in oppositin, the petitioner's is denied.

IT IS SO ORDERED.

                                              S/ *David A. Katz*  
                                              DAVID A. KATZ  
                                              SENIOR U. S. DISTRICT JUDGE